United States District Court
Southern District of Texas
**ENTERED**
November 28, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIO ANTONIO RIVERA, | § | |
| TDCJ # 02136179, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-1816 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Mario Antonio Rivera, an inmate in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), filed a petition for a writ of habeas corpus (Dkt. 1) under 28 U.S.C. § 2254. Respondent has filed an answer (Dkt. 10) and a copy of the state court records (Dkt. 11). Rivera filed a response (Dkt. 12). After reviewing the pleadings, the applicable law, and all matters of record, the Court will **DISMISS** this action as time-barred for the reasons explained below.

**I.    BACKGROUND**

On May 18, 2017, a jury convicted Rivera of continuous sexual abuse of a child, Case No. 1487231, in the 184th District Court of Harris County, Hon. Leslie Yates presiding. The court sentenced him to 30 years in TDCJ. *See* Dkt. 11-3, at 210-11.

Rivera appealed. On August 8, 2017, the First Court of Appeals affirmed the judgment against him. *Rivera v. State*, No. 01-17-00418-CR, 2018 WL 3732778 (Tex. App.–Hou [1st Dist.] Aug. 7, 2018, pet. ref'd); Dkt. 11-11; Dkt. 11-12. On December 5,

2018, the Court of Criminal Appeals refused Rivera's petition for discretionary review (Dkt. 11-20) (PD-0946-18).

On December 6, 2021, Rivera executed an application for state habeas relief (Dkt. 11-22, at 5-23) (WR-93,493-01). The trial court signed findings of fact and conclusions of law recommending denial of habeas relief (Dkt. 11-22, at 51-54). On March 2, 2022, the Court of Criminal Appeals denied his habeas application without written order on the trial court's findings and the court's independent review of the record (Dkt. 11-21).

Rivera executed his federal petition on May 31, 2022. He brings two claims for relief: (1) the trial court erred when it refused his request for a jury charge on the lesser-included offense of aggravated sexual assault; and (2) the trial court caused him harm when it erroneously instructed the jury regarding the date of the offense (Dkt. 1; *see* Dkt. 2 (memorandum)). Rivera raised these same two grounds in his direct appeal (Dkt. 11-11).

The respondent seeks dismissal of the petition under the statute of limitations. In Rivera's petition, in response to a question regarding the timeliness of his petition, he states that his petition is timely because the Court of Criminal Appeals denied his state writ on March 2, 2022 (Dkt. 1, at 13).

## II.   THE ONE-YEAR STATUTE OF LIMITATIONS

The petitioner seeks habeas relief under 28 U.S.C. § 2254. His petition is subject to the one-year limitations period for the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2241 *et seq*. The limitations period runs from the "latest of" four accrual dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time period during which a "properly filed application for State post-conviction or other collateral review" is pending is not counted toward the limitation period. *Id*. § 2244(d)(2).

In this case, the court entered judgment against Rivera on May 18, 2017, and the appellate court affirmed the judgment on August 8, 2017. Rivera filed a petition for discretionary review, which the Court of Criminal Appeals refused on December 5, 2018. Because he did not file a petition for a writ of *certiorari* to the United States Supreme Court, his conviction became final on Tuesday, March 5, 2019, when his 90-day period for filing the petition ended. *See* SUP. CT. R. 13.1; *Clay v. United States*, 537 U.S. 522, 525 (2003). Therefore, his limitations period expired one year later, on Thursday, March 5, 2020. His federal petition, executed on May 31, 2022, is over two years late and time-barred unless a statutory or equitable exception applies.

Rivera's state habeas application, executed on December 6, 2021, did not toll the limitations period under AEDPA because, at the time he filed it, the limitations period already had expired. *See* 28 U.S.C. § 2244(d)(2); *Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013). Additionally, Rivera does not demonstrate the applicability of any provisions in § 2244(d)(1) that might render his petition timely because he does not identify the removal of a state-created impediment to filing for habeas relief, a constitutional right newly recognized and made retroactive by the Supreme Court, or a factual predicate for his claims discovered within one year of his petition.[1]

Rivera's responsive filing (Dkt. 12) urges the Court not to dismiss his petition on limitations grounds and points out that the respondent's answer fails to address the substantive claims in his petition. However, this Court must apply the statute of limitations and, if it bars Rivera's petition, must dismiss without reaching the merits of his claims.

To the extent Rivera invokes equitable tolling, he does not show that he diligently pursued his rights or that an extraordinary circumstance prevented him from timely filing his federal habeas petition. *See Holland v. Fla.*, 560 U.S. 631, 649 (2010) (equitable tolling of AEDPA's limitations period is appropriate only if a petitioner shows that "he has been pursuing his rights diligently" and that "some extraordinary circumstance stood in his way"); *Mathis v. Thaler*, 616 F.3d 461, 475 (5th Cir. 2010). "[I]gnorance of the law, even

---

[1] Rivera asserts that his federal petition is timely because it was filed within a year of the state courts' denial of habeas relief (Dkt. 1, at 13). However, the one-year limitation period runs from the date on which the conviction became final, *see* 28 U.S.C. § 2244(d)(1)(A), and not from the date that state habeas relief was denied.

for an incarcerated *pro se* petitioner, generally does not excuse prompt filing" of a federal habeas petition. *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999). Given that Rivera raised the grounds in his petition in his appeal in 2018, he does not show that strict application of the statute of limitations would be inequitable. *See In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).

For the reasons stated above, Rivera's petition must be dismissed as untimely filed.

### III.     CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (cleaned up). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484; *see Pierre v. Hooper*, 51 F.4th 135, 137 (5th Cir. 2022) (a certificate of appealability may not issue based solely on a debatable procedural ruling).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV.   CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The petition for habeas corpus under 28 U.S.C. § 2254 (Dkt. 1) is **DISMISSED** with prejudice as time-barred.

2. All pending motions, if any, are **DENIED as moot**.

3. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on _____November 28_____, 2023.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE